# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

UNITED STATES OF AMERICA,

**Plaintiff,**

**v.**

**CASE NO.** 26-10083-JWB

RODOLFO RAMIREZ RAMIREZ,

**FILED UNDER SEAL**

**Defendants.**

# INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

## COUNT 2

**CONSPIRACY TO TRANSPORT WITH INTENT TO ENGAGE
IN CRIMINAL SEXUAL ACTIVITY
[18 U.S.C. § 2423(a)&(f)]**

On or about February 8, 2026, in the District of Kansas and elsewhere, the defendant,

## RODOLFO RAMIREZ RAMIREZ,

did knowingly conspire with another for the transporting of an individual, Minor Victim, whose identity is known to the Grand Jury, who had not attained the age of eighteen years, in interstate commerce, that is from Iowa to Kansas, with the intent that the Minor Victim engage in sexual activity for which a person could be charged with a criminal offense, including violations of Kansas Statutes Annotated (KSA).

In violation of Title 18, United States Code, Section 2423(a) and (f).

## COUNT 3

**TRAVEL WITH INTENT TO ENGAGE IN ILLICIT SEXUAL CONDUCT
[18 U.S.C. § 2423(b)]**

On a date prior to February 8, 2026, in the District of Kansas and elsewhere, the defendant,

## RODOLFO RAMIREZ RAMIREZ,

did travel in interstate commerce, that is from Missouri to Kansas, with the intent to engage in any illicit sexual conduct, as defined in 18 U.S.C. Sections 2423(g) and 2246(2), with another person, to wit: Minor Victim, whose identity is known to the Grand Jury, who had not attained the age of eighteen years.

In violation of Title 18, United States Code, Section 2423(b).

## COUNT 4

**UNLAWFUL REENTRY AFTER DEPORTATION**
**[8 U.S.C. § 1326(a) and (b)(1)]**

On or about February 8, 2026, in the District of Kansas, the defendant,

## RODOLFO RAMIREZ RAMIREZ,

a person who is not a citizen and national of the United States, and who previously was deported, removed, and excluded from the United States, on or about April 8, 2016, at or near, Laredo, Texas; and who failed to obtain the consent of either the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission into the United States, was found in the United States after knowingly and voluntarily reentering the United States.

In violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

## FORFEITURE NOTICE

1.      The allegations contained in Counts 1- 4 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 2428.

2.	Upon conviction of the offenses set forth in Counts 1-3 of the Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 2428, any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offenses and any property, real or personal, constituting or derived from any proceeds the defendant obtained, directly or indirectly, as a result of the offenses.  The property to be forfeited includes, but is not limited to, the following:

A . Google, Pixel 9a, IMEI 356263291641748, s/n 4B231JEBF08338;

B.  Motorola, Moto G Play-2024, Model XT2413V, IMEI 359643653070189, s/n ZL8323JT3Q; and

C.  Samsung, Galaxy S24 Ultra, Model SM-S928U, IMEI 350360300304114, s/n R5CX72KBY8Z

All pursuant to Title 18, United States Code, Section 2428.

A TRUE BILL.

May 19, 2026	s/Foreperson
DATE	FOREPERSON OF THE GRAND JURY

RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY

By: /s/ Katie Andrusak
KATIE ANDRUSAK
Assistant United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, Kansas  67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: katie.andrusak@usdoj.gov
Ks. S. Ct. No. 25961

IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

**PENALTIES**

**Counts 1 and 2 – 18 U.S.C. § 2423(a)&(f) [Transportation with Intent to Engage in Criminal Sexual Activity]**

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life. 18 U.S.C. § 2423(a).

- A term of supervised release of not less than five (5) years and up to life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- A mandatory special assessment of $5,000.00 if defendant is a non-indigent person. 18 U.S.C. § 3014(a)(4).

**Count 3 – 18 U.S.C. § 2423(b) [Travel with Intent to Engage in Illicit Sexual Conduct]**

- Punishable by a term of imprisonment of not more than thirty (30) years. 18 U.S.C. § 2423(b).

- A term of supervised release of not less than five (5) years and up to life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- A mandatory special assessment of $5,000.00 if defendant is a non-indigent person. 18 U.S.C. § 3014(a)(4).

**Count 4 – 8 U.S.C. § 1326(a) [Unlawful Reentry After Deportation]**

The reentry of an alien who has previously been denied admission, excluded, removed, or deported, is a felony, with criminal penalties of:

- Punishable by a term of imprisonment of not more than two (2) years. 8 U.S.C. § 1326(a).
- A term of supervised release of not more than one (1) year. 18 U.S.C. § 3583(b)(3).
- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

An alien whose removal was subsequent to a conviction for three or more misdemeanors involving drugs, crimes against person, or both, or a felony (other than aggravated felony), is a felony, with criminal penalties of:

- Punishable by a term of imprisonment of not more than ten (10) years. 8 U.S.C. § 1326(b)(1).
- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).
- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

If committed after an aggravated felony conviction, then:

- Punishable by a term of imprisonment of not more than twenty (20) years. 8 U.S.C. § 1326(b)(2).
- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).
- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).